# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL O. DEVAUGHN,<br><br>    Defendant. | CV 21-05717 TJH   JS-6<br>CR 87-00886 TJH<br><br>Order |

    The Court has considered Defendant Michael O. DeVaughn's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and the Government's motion to dismiss, together with the moving and opposing papers.

    On February 22, 1989, following a bench trial, the Court convicted DeVaughn on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). DeVaughn was sentenced on March 5, 1990. For Count One, the conspiracy count, he was sentenced to five years of imprisonment followed by federal parole. For Count Two, the first possession count, he was sentenced to three years of imprisonment followed by six years of supervised release. For Count Three, the second possession count, he was sentenced to 20 years

of imprisonment followed by three years of supervised release. The sentences were to run concurrently with each other.

On September 27, 2004, DeVaughn was released from custody and began his terms of parole and supervised release.

On March 31, 2005, DeVaughn was arrested by Los Angeles County Sheriff's deputies for receiving stolen property, but failed to notify his federal probation officer. On May 17, 2005, DeVaughn tested positive for the presence of marijuana.

On November 8, 2006, DeVaughn was arrested by local police in Riverside County for, *inter alia*, fraud and money laundering.

In December, 2006, DeVaughn's federal probation officer filed a petition for the revocation of his supervised released based on several alleged violations. In January, 2007, the Court issued a bench warrant for DeVaughn, which resulted in the placement of a detainer while he was in state custody.

In January, 2011, following a Superior Court jury trial, DeVaughn was sentenced to just under 32 years of imprisonment.

On July 4, 2020, DeVaughn was released early from his state sentence and, then, transferred to federal custody.

On August 17, 2020, DeVaughn admitted to Allegation 3 of the probation revocation petition, which related to the use of marijuana. After the Court accepted DeVaughn's admission, it granted the Government's motion to dismiss the remaining allegations. The Court, then, sentenced DeVaughn to time served and reinstated supervised release for a period of six months. On January 12, 2021, DeVaughn was released from federal custody on a United States Parol Commission warrant. DeVaughn, then started his six months of supervised release. His supervised release term expired on July 11, 2021.

On June 29, 2021, the Ninth Circuit Court of Appeals, *inter alia*, affirmed the revocation of DeVaughn's supervised release and the sentence.

On July 12, 2021, the day after his supervised release expired, DeVaughn filed

the instant § 2255 motion asserting the same grounds that he had raised in his most recent appeal to the Ninth Circuit.

DeVaughn, now, moves to vacate, set aside, or correct his sentence pursuant to § 2255, while the Government, now, moves to dismiss DeVaughn's motion for lack of jurisdiction.

A defendant can file a § 2255 motion only if he is "in custody under sentence of a court." 28 U.S.C. § 2255(a). Because the "in custody" requirement is jurisdictional, the Court must dismiss a § 2255 motion if a defendant filed that motion after his sentence ended. *See*, *e.g.*, *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014).

For purposes of § 2255, a defendant is "in custody" while he is on supervised release. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Further, "[a] habeas petitioner [is not] 'in custody' under a conviction after the sentence imposed for it has fully expired." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Here, DeVaughn's last day "in custody" was July 11, 2021 – the day his supervised release term expired. DeVaughn filed this § 2255 motion the following day, July 12, 2021. Consequently, he was not "in custody" when he filed this § 2255 motion.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that DeVaughn's § 2255 motion be, and hereby is, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡 for lack of jurisdiction.

Date: September 30, 2022

Terry J. Hatter, Jr.
Senior United States District Judge